CRICHTON, J.,
dissents and assigns reasons.
respectfully dissent. Based on the facts and circumstances in this case, I would grant the State’s writ and deny the defendant’s writ, thereby allowing the State to introduce the prior in-court and out-of-court identifications of the defendant made by the witnesses. However, as noted in my concurrence in State of Louisiana v. Jerome Morgan 16-0752, I believe the jury should also be permitted to examine the recantations of the identifications by these witnesses as set forth in the 2013 post-conviction trial transcripts.
CLARK, J.,
dissents and assigns reasons.
hi respectfully dissent in this consolidated matter, as I would deny the defendant’s writ application (No. 16-KK-0550) and would grant the state’s writ application (No. 16-KK-0651).
The defendant, Jerome Morgan, was tried and convicted by a twelve person jury of second degree murder for the shooting death of Clarence Landry at a sweet sixteen party in May 1993.[1] In 2015, after serving more than 20 years of the mandatory life sentence, and following a post-conviction relief proceeding, Morgan was granted, a new trial based, in part,- on the recanted testimony of Kevin Johnson and Hakim Shabazz, the two teenage witnesses from the first trial who identified the defendant as the shooter. Judge Darryl Derbigny, who was not the original trial judge, vacated Morgan’s conviction and ordered a new trial, finding that Johnson and Shabazz were coerced to identify Morgan, that the coercion and manipulation by the NOPD caused the two teen witnesses to testify against Morgan at trial, that the identification procedures were unduly suggestive and created a substantial likelihood of misidentification, and that the identifications failed the four prong test set forth in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140.[2] In anticipation of the new trial, the defense filed a motion to suppress the in-court and out-of-court identifications made by Johnson and Shabazz, arguing they were unreliable. After the state filed a motion to recuse Judge Derbigny, which was granted, the case was transferred to Judge Franz Zibilich who conducted a suppression hearing. As a result of pending perjury charges against Johnson and Sha-bazz, they did not testify at the hearing and will likely not testify at Morgan’s retrial. Judge Zibilich granted the motion to suppress in part and denied it in part, suppressing the prior out-of-court identifications but allowing the prior in-court identifications to be admitted at the new trial.[3] The majority of this Court con- *595 eludes the prior in-court identifications are unreliable and the district court erred to ■the extent it will allow the state to admit them at the retrial, because “[ujnder the circumstances there is no reasonable inference that the in-court identifications have a source independent of the out-of-court identifications.” Op. p. 592 (citations omitted). I respectfully disagree. I agree with the district court’s conclusion that the in-court identifications have independent sources, as Johnson and Shabazz both knew Morgan, both were at the party that night, Shabazz sustained a gunshot wound in the shooting, and neither witness was pressured to identify Morgan at the trial. As I see it, it is not a question of whether the out-of-court and in-court identifications are rehable but whether Johnson and Sha-bazz are credible witnesses.
Post-conviction relief was granted in this case to obtain a fair trial for the accused and to ascertain the truth. With that in mind, I would deny the defendant’s writ and grant the state’s writ to allow the jury to be presented with the 1994 in-court and out-of-court identifications as well as the recanted testimony from the post-conviction hearing (see No. 16-KK-0752).

. Morgan's conviction and sentence were upheld on appeal. See State v. Morgan, 94-2586 (La.App. 4 Cir. 3/14/96), 671 So.2d 998, writ denied, 96-0975 (La.9/27/96), 679 So.2d 1359.

. The judgment granting Morgan post-conviction relief was upheld on review. See State v. Morgan, 2014-0276 (La.App. 4 Cir. 5/23/14) (unpub’d); writ denied, 2014-01297 (La.3/27/15), 162 So.3d 379.

.Both parties sought review of the district court’s divided ruling. The court of appeal consolidated their writ applications and de *595 nied writs. State v. Morgan, 16-0102 (La. App. 4 Cir. 3/9/16) (unpub'd).